THE CONJUGAL PARTNERSHIP composed of EDUARDO GARCÍA SANDOVAL ET UX., Plaintiff and Appellant, *v.* RAÚL A. PÉREZ GONZÁLEZ, Defendant and Appellee.

No. R-63-183.      Decided March 20, 1964.

*Baltasar Corrada del Río* and *Sifre & Ruiz Suria* for appellant. *Américo B. Badillo* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On July 13, 1961, at Stop 25 1/2, Fernández Juncos Avenue, San Juan, Puerto Rico, an Opel automobile driven by Bárbara Sánchez, a Rambler driven by Amalia Carrasquillo de García Sandoval, and a Hillman driven by Raúl A. Pérez González, were traveling in the same direction towards Río Piedras, in the order mentioned. According to the findings of fact of the trial court, the accident which gave rise to this action occurred because "the automobile driven by Bárbara Sánchez suddenly stopped, plaintiff (Mrs. Carrasquillo de García Sandoval) thereby colliding with the rear part thereof, causing the hood catch to break and suffering at the same time the impact of the Hillman car driven by Raúl Pérez González. The front motor vehicle (Bárbara Sánchez), suffered no damages whatsoever."

■ The applicable law to the case is § 5-1108 of Act No. 141 of July 20, 1960—9 L.P.R.A. § 1138—which provides: "All drivers shall keep a prudent distance from the moving vehicle immediately ahead, with due regard to speed, conditions of the highway, and other circumstances affecting safety. In every event, when the speed limit authorized for the area is more than twenty-five (25) miles an hour, they shall leave sufficient space so that any vehicle overtaking and passing them may pull in front of them with safety."

It is unquestionable that maintaining what may constitute a "prudent distance" is left to the person who drives the automobile following the front car, because he is the one who may control with greater facility the empty space that should exist between both vehicles. The same rule prevails as to the second and third vehicles whenever there are three vehicles traveling in successive order.

■ If we adopt the principle of "prudent distance" for the purposes of the above-mentioned accident, it is unquestionable that the distance between the automobile of Mrs. Sánchez and the automobile of Mrs. Carrasquillo de García Sandoval was a more prudent and better maintained distance than the distance between the latter's automobile and the automobile of Raúl A. Pérez González. The fact that the second automobile could stop without causing any damage to the first automobile and that the third automobile upon stopping caused damages to the second automobile shows that the rule of causation from which negligence or the guilty act is always inferred, points to the driver of the third automobile as the responsible party for failing to take into consideration the speed, the conditions of the highway, and other circumstances affecting safety, as required by law.

The findings of fact sufficiently show the personal damages suffered by Amalia Carrasquillo de García Sandoval, the expenses of treatment, the damages to the car to enable

the trial court to render a new judgment granting the damages proved.

For the reasons stated, the judgment rendered by the Superior Court of Puerto Rico, San Juan Part, on April 10, 1963 will be reversed and another rendered instead granting the damages proved by plaintiff-appellant, as they are finally computed by the trial court.